UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN WISER,

    Plaintiff,

v.                                         Case No. 3:05-cv-753-J-20TEM

HILL'S VAN SERVICE OF NORTH
FLORIDA, INC., and MAYFLOWER
TRANSIT, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Hill's Van Service of North Florida, Inc.'s Motion to Dismiss (Doc. No. 6, filed Aug. 15, 2005) and Defendant Mayflower Transit, LLC's Motion to Dismiss (Doc. No. 7, filed Aug. 16, 2005). More than three months have passed since the filing of Defendants' dispositive motions and Plaintiff has failed to file a response.

**I.**    **Factual Background**

This is a negligence action arising out of Plaintiff's hiring of Defendants to pack, store and transport household goods and the subsequent damage of such goods (Complaint, Doc. No. 2, filed Aug. 9, 2005). Defendant Hill's Van Service of North Florida, Inc. [hereinafter "Hill's"] packaged Plaintiff's goods and moved them to a storage facility in Jacksonville, Florida (Id.). Almost three years later, Defendant Mayflower Transit, LLC [hereinafter "Mayflower"] loaded Plaintiff's goods and delivered them to Atlanta, Georgia (Id.). Upon delivery, the goods were broken or otherwise damaged. Plaintiff claims that the fair market value of his goods have been

1

reduced by at least $13,000 (Id.). The claim was originally filed in state court and the action was removed by Defendant Mayflower to federal court based on the involvement of interstate commerce (Notice of Removal, Doc. No. 1, filed Aug. 9, 2005). Defendant Hill's consented to and joined in the Notice of Removal (Doc. No. 3, filed Aug. 9, 2005).

Defendant Hill's moves to dismiss (Doc. No. 6) Plaintiff's Complaint on the grounds that the sole claim against it is a negligence claim barred by the economic loss rule. Defendant Mayflower moves to dismiss (Doc. No. 7) Plaintiff's Complaint on the basis that the sole claim against it is a state claim preempted by the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 14706.

## II.  Standard of Review

When ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff. See e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," however, the court may dismiss the complaint as a matter of law. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." Id. (quoting Fed. R. Civ. P. 8(a)(2)). The Federal Rules of Civil Procedure have adopted this simplified pleading approach because of "the liberal opportunity for discovery and other pretrial procedures . . . to disclose more precisely the basis of both claim and defense." Id. at 47-48. The purpose of notice pleading is to reach a decision on the merits and avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." Id. at 48.

**III.   Analysis**

   **A.   Defendant Hill's Motion to Dismiss Plaintiff's Complaint Based on the Economic Loss Rule**

The economic loss rule is a prohibition of tort actions when the damages suffered are purely economic. Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d. 532, 536 (Fla. 2004). The purpose of the doctrine is "to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. A tort cause of action cannot arise from a breach of contract unless the conduct amounts to an independent tort. Id. at 537.

In the present case, Plaintiff and Defendant Hill's enjoyed privity of contract pursuant to the Uniform Household Goods Bill of Lading and Freight Bill and Non-Negotiable Warehouse Receipt and Inventory [hereinafter "Bill of Lading and Warehouse Receipt"] (Attachment to Defendant Hill's Motion to Dismiss, Doc. No. 6-2). However, Plaintiff does not make any allegation of negligence independent from the acts contemplated by that contract. Plaintiff merely alleges damage to the goods stored by Defendant Hill's pursuant to the Bill of Lading and Warehouse Receipt. Therefore, Plaintiff's negligence claim is barred by the economic loss rule

and Defendant Hill's Motion to Dismiss (Doc. No. 6) is **GRANTED**. Plaintiff's Complaint against Defendant Hill's is **DISMISSED without prejudice** and Plaintiff shall have **eleven (11) days** from the date of this Order to amend his Complaint.

### B. Defendant Mayflower's Motion to Dismiss Plaintiff's Complaint Based on Preemption by the Carmack Amendment to the Interstate Commerce Act

The Carmack Amendment to the Interstate Commerce Act exclusively governs all actions against carriers that arise from a failure in the transportation and delivery of interstate shipments. Smith v. UPS, 296 F.3d 1244, 1246 (11th Cir. 2002); 49 U.S.C. § 14706. The U.S. Supreme Court has described the Carmack Amendment as covering "almost every detail of the subject [carrier liability for interstate shipments] . . . so completely that there can be no rational doubt that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913). Therefore, a negligence claim against a carrier for loss or damage to goods shipped interstate is preempted by the Carmack Amendment. Accord Underwriters at Lloyds of London v. N. Am. Van. Lines, 890 F.2d 1112 (10th Cir. 1989).

In this case, Defendant Mayflower transported and delivered Plaintiff's goods from Jacksonville, Florida to Atlanta, Georgia (Complaint, Doc. No. 2). Plaintiff's negligence action against Defendant Mayflower arises out of loss or damage to goods during an interstate shipment. Accordingly, Plaintiff's claim against Defendant Mayflower is preempted by the Carmack Amendment and Defendant Mayflower's Motion to Dismiss (Doc. No. 7) is **GRANTED**. Plaintiff's Complaint against Defendant Mayflower is **DISMISSED without prejudice** and Plaintiff shall have **eleven (11) days** from the date of this Order to amend his

Complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 29r day of November, 2005.

                                                  HARVEY E. SCHLESINGER
                                                 United States District Judge

Copies to:
B. Thomas Whitefield, Esq.
Lawrence J. Roberts, Esq.